

FILED

SEP 1 4 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

AMBER YOUNG, on behalf of herself
and those similarly situated
present and former employees
of Defendant,

        Plaintiff,

    v.                                    CIVIL ACTION NO. 2:22-cv-91

CARING HANDS AND SUPPLEMENTARY
ENRICHMENT EDUCATION, LLC OF
VIRGINIA

        Defendant.

## FINAL ORDER

This matter comes before the court on the parties' Joint Motion for Settlement Approval ("Joint Motion"), ECF No. 8, the accompanying Memorandum, ECF No. 9, and the proposed General Release and Settlement Agreement ("Settlement Agreement"), ECF No. 9-1, filed on September 7, 2022. The settlement amount is $75,000, which includes a $25,000 payment for the attorney's fee and expenses. ECF No. 9 at 1, 8.

The facts giving rise to this case are briefly summarized in this paragraph. Basically, Defendant provides mental health and intellectual disability services. ECF No. 9 at 2. From October 2019 to April 2021, Plaintiff was an employee of Defendant. Id. In May 2021, Plaintiff formed her own limited liability company called Berbit LLC, with which Defendant engaged until December 2021. Id.

Plaintiff worked approximately sixty-two (62) hours each week and received normal pay of $13.50 per recorded hour. Id. Plaintiff alleges that she also worked an additional twenty-one (21) hours per week preparing notes on her caretaking activities and was not paid for this time.[1] Id. Plaintiff's claims for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and Virginia Overtime Wage Act, VA Code Ann. § 40.1-29.2 ("VOWA") rest on Defendant's failure to pay overtime to Plaintiff for hours worked in excess of forty (40) hours. ECF No. 9 at 2; see also ECF No. 4. Instead of continuing to litigate the matter, the parties decided to engage in settlement discussions, resulting in the Joint Motion and proposed settlement of the case. ECF No. 9 at 3.

## I.

"All FLSA settlements must be approved either by the United States Department of Labor or the court." Baust v. City of Va. Beach, 574 F. Supp. 3d 358, 363 (E.D. VA. 2021) (Smith, J.) (internal citation omitted). It is the court's responsibility to "determine whether the proposed Settlement Agreement 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" Id. (quoting Minsterman v. S.L. Nusbaum Realty Co., No. 2:10-cv-303, 2011 WL 9687817, at *1 (E.D. Va. Jan. 21, 2011)

---

[1] Defendant asserts that although it did require daily progress notes, Plaintiff had "sufficient time during the hours spent with her [client] to prepare" them. ECF No. 9 at 2.

(Davis, J.)). In FLSA cases, this includes reviewing awards of attorneys' fees.[2] Id. at 364.

## A. Fairness and Reasonableness of Proposed Settlement

Because compromise is at the heart of every settlement as well as the "overriding public interest in favor of settlement...[t]here is a 'strong presumption in favor of finding a settlement fair'..." Id. at 363 (citing and quoting Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (Trenga, J.)). Courts weigh several factors when determining whether a settlement is fair and reasonable. Id. These include:

> (1) the extent of discovery that has taken place;
> (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;
> (3) the absence of fraud or collusion in the settlement;
> (4) the experience of counsel who have represented the plaintiffs;
> (5) the probability of the plaintiffs' success on the merits[;] and
> [(6)] the amount of the settlement in relation to the potential recovery.

---

[2] The Fourth Circuit has a three-step process for reviewing attorneys' fees: "'determine a lodestar figure; (2) subtract fees for hours spent on unsuccessful claims unrelated to successful ones; and (3) evaluate the degree of success of the plaintiffs.'" Baust, 574 F. Supp. 3d at 364 (quoting Randolph v. PowerComm Constr., Inc., 780 F. App'x 16, 22 (4th Cir. 2019)). To determine the lodestar figure, courts are instructed to multiply the reasonable hourly rate by hours reasonably expended. Baust, 574 F. Supp. 3d at 364 (internal citations omitted). There are twelve (12) factors that assist the district court in determining what is reasonable for the rate and time. See Baust, 574 F. Supp. 3d at 364 (listing the specific factors).

Baust, 574 F. Supp. 3d at 363 (quoting Patel v. Barot, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (Morgan, J.) (quoting In re Dollar Gen. Stores FLSA Litig., No. 5:09-md-1500, 2011 WL 3841652, at *2 (E.D.N.C. Aug. 23, 2011) (internal quotation marks omitted)). The court now applies the facts of this case to the foregoing six (6) fairness factors and review of the attorney's fee. A "lodestar analysis" is also included for review of the attorney's fee. See Baust, 574 F. Supp. 3d at 364.

(1) Extent of Discovery. The parties acknowledge that there was no formal discovery. ECF No. 9 at 4. They point to the extensive interviews that Plaintiff's counsel conducted with Plaintiff and Defendant's management personnel. Id. at 5. Furthermore, both parties reviewed and considered Plaintiff's "personnel file, time reports, and daily progress notes..." Id. Plaintiff's time records were used by both parties to calculate potential damages. Id. This factor weighs in the parties' favor.

(2) Stage of Proceedings. As noted above, both parties have had the opportunity to review the evidence and calculate damages. Id. at 4-5. The parties acknowledge that this is an "early resolution of this case," but it still appears to be an informed negotiation. Id. at 5; see also Baust, 574 F. Supp. 3d at 366. This factor weighs in the parties' favor.

(3) Fraud or Collusion in the Settlement. "'There is a presumption that no fraud or collusion occurred between

4

counsel...'" <u>Baust</u>, 574 F. Supp. 3d at 366 (quoting <u>Davis v. BT Ams. Inc.</u>, No. 2:16-cv-206, 2017 WL 11506967, at *4 (E.D. Va. May 10, 2017) (Smith, J.) (quoting <u>Lomascolo</u>, 2009 WL 3094955, at *12)). Here, the parties state that there were "extensive, arms-length negotiations," which included agreeing on the settlement amount and ironing out the details, such as the attorney's fee. ECF No. 9 at 3, 6. Furthermore, both parties by counsel signaled their approval by signing the Joint Motion and accompanying Memorandum. <u>See</u> ECF No. 8 at 2, ECF No. 9 at 10. The parties themselves signed the Settlement Agreement. ECF No. 9-1 at 7. Therefore, this factor weighs in the parties' favor as well.

(4) <u>Experience of Plaintiff's Counsel</u>. Plaintiff is represented by Christopher North who has over forty-five (45) years of experience. ECF No. 9 at 7. His practice focuses on "the representation of individuals in employment and consumer protection cases," and he "has served as plaintiffs' legal counsel in approximately a dozen FLSA opt-in collective actions" during his career. <u>Id.</u>; <u>see</u> ECF No. 9-2 (Declaration of Mr. North which details his relevant experience). This factor also weighs in the parties' favor.

(5) <u>Probability of Plaintiff's Success</u>. The parties agree that the Plaintiff at times worked more than forty (40) hours per week, generally being scheduled for sixty-two (62) hours per week. ECF No. 9 at 2. Plaintiff was paid "straight time for all hours,"

with no "additional half time (.5)" for weekly hours in excess of forty (40). Id. However, as the parties indicate, there is uncertainty about whether Plaintiff would be entitled to a two- or three-year recovery period and what, if any, liquidated damages would be, if decided by a jury. ECF No. 9 at 8. Therefore, this factor weighs in favor of both parties given that the settlement is a definitive number.

(6) Settlement Versus Potential Recovery Amount. Plaintiff calculated that Defendant owes her (pre-interest) between $65,128.00 and $130,000, plus the attorney's fee. ECF No. 9 at 3. Defendant calculated Plaintiff's recovery to be between $25,475.26 and $32,151.06. Id. Despite this difference, given the strong desire to encourage settlements and the presumption that settlements are fair, this factor does not override the overall fairness finding when reviewing the factors in totality. See Baust, 574 F. Supp. 3d at 363.

(7) Lodestar Amount.

The most relevant factor for the court to consider with regard to the attorney's fee in the present case is whether the lodestar amount is reasonable. See id. at 364. Plaintiff's counsel's rate is $450 per hour. ECF No. 9-2 at 7. Although this is on the high end of rates underlying other FLSA fee awards approved in this court, it still fits squarely within the range. See Baust, 574

F. Supp. 3d at 367 (stating that fees between $75 and $500 have been found to be reasonable).

Furthermore, Plaintiff's counsel has reviewed his billing records and declared under penalty of perjury that the time spent on this matter was necessary and reasonable. ECF No. 9-2 at 6. In addition, the Johnson factors, which have been adopted by this court, support the proposed fee award.[3] See Baust, 574 F. Supp. 3d at 364 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). Finally, in traditional contingent-fee arrangements, attorneys receive one third of the award amount. Id. at 369. The attorney fee of $25,000 is exactly one third of the $75,000 settlement. For these reasons, this court considers the award of the attorney's fee to be reasonable.

---

[3] The twelve factors outlined in Johnson are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Baust, 574 F. Supp. 3d at 364 (quoting Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009) (spaces added) (quoting Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978)). The first, third, fifth, seventh, ninth, and twelfth factors all point in favor of approving the award proposed by the parties in this case. See id.

## II.

Upon consideration of the above, the court concludes as follows:

1. This court has jurisdiction over the subject matter of this litigation and over the parties to this litigation.

2. The court **FINDS** that the Plaintiff received adequate and appropriate notice of the terms of the Settlement Agreement.

3. The court **FINDS** that Plaintiff asserts no objections to the terms of the Settlement Agreement.

4. The court **FINDS** that the Settlement Agreement was the product of extensive, arm's length negotiations between experienced counsel.

Moreover, the court recognizes that although "[a]ll FLSA settlements must be approved either by the United States Department of Labor or the court," a hearing is not necessary. <u>Baust</u>, 574 F. Supp. 3d at 363 (internal citation omitted). For all the above reasons, and against the backdrop of the strong public interest in favor of settlements, the court **FINDS** a hearing unnecessary in this matter and **FINDS** the Settlement Agreement to be a fair and reasonable resolution of a bona fide dispute between the parties over FLSA provisions, including the amount of the attorney's fee. Accordingly, for the purpose of this Final Order, the court **ADOPTS** all the language and terms set forth in the Settlement Agreement, which was filed with this court on September 7, 2022.

ECF No. 9-1. The court hereby **GRANTS** final approval of the Settlement Agreement, and the parties are **ORDERED** to carry out the terms of the Settlement Agreement. Defendant shall pay the settlement amount of $75,000 in accordance with paragraph two (2) of the Settlement Agreement. This includes $25,000 to Plaintiff's counsel for the attorney's fee.

This action is hereby **DISMISSED** with prejudice and Plaintiff is barred from asserting any of the released claims, as set forth in the Settlement Agreement. The Clerk is **DIRECTED** to forward a copy of this Final Order to counsel of record.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

September 14, 2022